RICHARD GLENN NOVAK (CAB 149303)
richard@rgnlaw.com
Richard G. Novak, A Professional Law
  Corporation
richard@rgnlaw.com
P.O. Box 5549
Berkeley, CA 94705
Telephone: 626-578-1175
richard@rgnlaw.com

C. RENÉE MANES (CAB 158528)
renee_manes@fd.org
PEYTON LEE (OSB 164224)
peyton_lee@fd.org
*Admitted Pro Hac Vice*
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR  97204-3228
Telephone: (503) 326-2123

Attorneys for Defendant Daniel Chavez

VICTOR J. ABREU
victor_abreu@fd.org
NANCY MacEOIN
nancy_maceoin@fd.org
*Admitted Pro Hac Vice*
Federal Community Defender Office
 for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
Telephone:  (215) 928-1100

Attorneys for Defendant Victor Skates

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>DANIEL CHAVEZ, VICTOR SKATES, *et al.*,<br><br>       Defendants. | Case No. 3:15-cr-00285-PCP<br><br>**DEFENDANTS' JOINT REPORT PRIOR TO STATUS CONFERENCE**<br><br>Status Conference:  April 10, 2024<br>Time:                       10:00 am<br>Location:                 Courtroom 8 |

**TO THE COURT:**

Counsel for the defendants, Mr. Daniel Chavez and Mr. Victor Skates, present this report to provide this Court with some background information on this matter. While more detail is provided below, the brief summary is that Mr. Chavez and Mr. Skates are the only two of the original nine defendants remaining for trial; the government has confirmed that this will proceed as a non-capital case; and, counsel for defendants estimate a time period for trial of four months.

**NATURE OF THE CASE, INCLUDING CAPITAL CASE CONSIDERATIONS:**

The government brought charges against nine defendants in the original Indictment, filed on May 27, 2015. (Clerk's Record entry 1.) A Superseding Indictment was filed on October 28, 2015 (CR 40), which is the current charging document.

The Superseding Indictment pled seventy-three separate counts, including an overarching conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO). The government's contentions regarding the RICO conspiracy are that the crimes charged were committed as part of a criminal enterprise involving *Nuestra Familia*. More precisely, the government contends that *Nuestra Familia* is the overarching criminal enterprise, and is a gang founded in the California Department of Corrections. (CR 40, Superseding Indictment, at ¶¶ 1-4.) The government contends that *Nuestra Familia* operates outside of prison through a "clique" or "hood" called the *Norteños*, and that in the Salinas area of California, the *Norteños* operate in smaller street gangs including East Las Casitas (ELC), Salinas East Market (SEM) and Santa Rita. The government further contends that three gangs operate together as an entity called the "Salinas *Norteños* Enterprise." (CR 40, at ¶¶ 1-14.) While the Superseding Indictment is the charging instrument, defense counsel have also been provided with a list of the events that the government previously stated would be presented in the case which totals seventy-nine events, spanning a period of just under eight years. Twenty-four of those events are charged as either specific counts or overt acts in the Superseding Indictment. The events include twenty-three homicides, of which twelve are charged in the Superseding Indictment; twenty-three attempted homicides, of which three have been charged; and, thirty-three robberies, of which nine have been charged. Defense counsel understand from discussions with current counsel for the government that this list may be changed and/or narrowed prior to the time of trial. All of the events occurred in the areas around Salinas and the South Bay.

On January 4, 2017, the government gave notice that it would not seek the death penalty against seven of the defendants, maintaining the right to seek the death penalty against Daniel Chavez and Victor Skates. (CR 137.) Over the next few years, six defendants entered pleas to various counts and the charges against one defendant, Terrell Golden, were dismissed. (CR 545.)

The procedures for determining whether the government would seek the death penalty against any defendant, including Mr. Chavez and Mr. Skates, are established in the United States Department of Justice's *Justice Manual* ("JM", previously known as the *United States Attorney's Manual*). Briefly: the local United States Attorney's office where the trial is to occur files charges that carry the potential for a death sentence; the USAO confirms that it is considering proceeding against certain, or all, defendants capitally; the defense team[1] is allowed to make a presentation to the local USAO regarding why the death penalty should not be sought; the local USAO sends its recommendation and the defense team presentation to the Capital Case Committee at the Justice Department; if the recommendation is to seek the death penalty, the defense team is invited to make a presentation to the Committee; the Committee in turn makes its recommendation to the Attorney General through the Deputy Attorney General; and, the ultimate decision rests with the Attorney General.

On September 18, 2018, after following this procedure, the government gave notice of an intent to seek a sentence of death against Mr. Skates. (CR 494.) In March of 2019, capitally qualified counsel with the Federal Community Defender Office for the Eastern District of Pennsylvania joined Mr. Skates' defense team, including current counsel Assistant Federal Public Defenders Victor Abreu and Nancy MacEoin. (*See* CR 670 & 683-685.)

The capital case presentation on behalf of Daniel Chavez was delayed by a substitution of conflicted counsel. Mr. Chavez's first capitally qualified defense team, led by counsel James Thomson, discovered a conflict and were relieved effective April 2, 2018. (CR 327.) The new capitally qualified team was led by counsel Mark R. Vermeulen. That team also developed a conflict and were relieved in early January of 2019. (*See, e.g.,* CR 665.) The current defense team for Mr. Chavez, led by counsel Richard Novak, was appointed on February 8, 2019. (CR 692.) Mr. Novak is joined by Assistant Federal Public Defenders C. Renée Manes and Peyton Lee, who are with the Federal Public Defender's Office in Oregon. The presentation was then delayed for a

---

[1] Under 18 U.S.C. § 3005 the defense team should be lead by a qualified Learned Counsel and include at least one other attorney with experience in defending homicide cases.

**Defendants' Report Prior To Status Conference**
Case No. 3:15-cr-00285-PCP

period by the pandemic. On March 2, 2022, the government filed a notice not to seek the death penalty against Mr. Chavez. (CR 975.)

Based on changes in circumstances, including the decision not to seek a capital sentence against Mr. Chavez, counsel for Mr. Skates asked the Capital Case Committee to reconsider the decision regarding Mr. Skates. On February 23, 2023, the government filed notice that it would no longer be seeking the death penalty against Mr. Skates. (CR 993.) This left the matter ready to proceed through the remaining litigation and trial.

**REASSIGNMENTS OF COURT AND COUNSEL**

The matter was originally venued in San Jose given the location of the crimes in the Salinas and South Bay areas, and was assigned to the Honorable Lucy H. Koh. When Judge Koh was appointed to the Ninth Circuit, the case was reassigned to the Honorable Charles R. Breyer, who sits in San Francisco. (CR 972.) Senior Judge Breyer had the case through the pendency of the government's determination of whether to proceed against either defendant capitally. However, when it came time to schedule the matter for trial, Senior Judge Breyer was unable to accommodate the lengthy trial on his docket, and the matter was reassigned to the Honorable James Donato effective April 26, 2023. (CR 1001.)

In January of 2024, new counsel for the government, Assistant United States Attorneys Jonathan Lee and Sloan Heffron, entered an appearance, replacing AUSA Stephen Meyer, who was leaving the USAO, and who had been one of the lead prosecutors from the beginning of this matter. (CR 1033.)

At the next status conference before Judge Donato, with the agreement of all the parties the trial date was set for September of 2025. Then, AUSA Lee informed the Court that virtually all victims and witnesses lived primarily in Salinas with others in the South Bay, such that travel to San Francisco for trial could pose hardships. Thereafter, effective February 2, 2024, this matter was returned to the San Jose venue, before this Court, the Honorable P. Casey Pitts. (CR 1039.)

**REMAINING LITIGATION AND TRIAL**

In addition to addressing the capital case question, the parties have engaged in significant litigation over the course of the case. Prior scheduling orders have required the parties to exchange

expert designations and file substantive motions, including motions *in limine,* well in advance of trial and the completion of discovery. While the defense objected to the timing, some motions were filed in August of 2018 (*see* CR 417, 419, 420, 422, 424, 427, 428, 435, 437, 438, 444, 445, 447, 450, 451, 452, 454, 455, and 458); and, additional motions were filed in September of 2021. (*See* 939, 941, 942, 943, 949, 951, 952, 953, 954, 959, 960, 951, 952, 967, 968, and 969.) Many of the motions were ruled on, although the joint motion to limit gang expert testimony, filed on September 10, 2021 (CR 942), has not been resolved. Then, there have been significant developments in the science and law on issues such as pattern matching, which is relevant to the admissibility of ballistics and similar evidence, that supports reconsideration of prior rulings. Further, critical discovery remains outstanding from the government. Prior rulings precluding admission of proposed defense experts were based on the failure to point to relevant evidence in the record (*see, e.g.,* CR 968 (exclusion of defense expert)), such that the provision of discovery will provide a factual basis for the expert and support reconsideration of those motions.

**PRIMARY ISSUES TO BE RESOLVED**

From the perspective of Mr. Chavez and Mr. Skates, the primary issue to be resolved at the upcoming status conference is confirming that the September 2025 trial date is available on this Court's calendar. Again, the defense believe that, based on the number of events at issue, a trial in this matter will take four months.

Once the trial date is confirmed, the defense anticipates working with the government to set dates for the remaining proceedings, including: provision of remaining non-*Jencks* or Insider discovery; provision of *Jencks* and Insider discovery pursuant to the attorneys-eyes-only protective order; filing of any additional law and motion raised by newly provided discovery (*i.e.*, motions to suppress, any necessary motions to compel); supplemental notification of expert witnesses; supplemental *Daubert* litigation; determination of the date when attorneys-eyes-only discovery may be shared with the defendants; filing of proposed jury questionnaires; filing of proposed jury instructions; and, filing of the remaining trial documents including motions *in limine*, trial briefs, the government's witness and exhibit list, and defense disclosures required by F.R.Cr.P. 16.

**Defendants' Report Prior To Status Conference**
**Case No. 3:15-cr-00285-PCP**

The parties have previously exchanged proposed scheduling orders on these issues, and will continue to do so after the trial date is confirmed. Counsel for the defendants suggest setting a further status conference in mid-May so that the parties may provide this Court with either the joint proposed schedule or, if necessary, analysis on any issues in dispute.

Respectfully submitted this 5th day of April, 2024.

*/s/ Richard Novak*
Richard Novak
A Professional Law Corporation

*/s/ C. Renée Manes*
C. Renée Manes
Assistant Federal Public Defender

*/s/ Peyton Lee*
Peyton Lee
Assistant Federal Public Defender

Attorneys for Defendant Daniel Chavez

*/s/ Victor J. Abreu*
Victor J. Abreu
Assistant Federal Defender

*/s/ Nancy MacEoin*
Nancy MacEoin
Assistant Federal Defender

Attorneys for Defendant Victor Skates

**Defendants' Report Prior To Status Conference**
**Case No. 3:15-cr-00285-PCP**